The first call for oral argument is People v. Gary. Counsel? May it please the Court? Counsel? My name is Larry. I also represent the defense of Gary and his cause. Mr. Gary pled guilty to first-degree murder, and he was sentenced to a term of years by a fully negotiated agreement. Now, this case has been before this Court before. In the previous case, the case was remanded for a new sentencing hearing. The reason for that is because of the almost same court rules which require that the parties make the sentencing judge aware of the defendant's prior history of conviction before sentencing. That was not done. So it was not done. The parties did not make the sentencing judge aware of the defendant's prior history of conviction. And so the case was remanded. After remand, the Court was told about the defendant's prior history of conviction. It included two prior class X felons. As a result of that prior history, there was a statute that came into play which requires the defendant to receive a minimum natural life sentence. And that's, of course, why this Court remanded the case. It remanded the case for the Supreme Court rule to be complied with, and the Supreme Court rule is in place because there are these mandatory sentencing rules. But it didn't take. The purpose of the remand didn't work. The Court imposed a term of years in violation of the statute, and there is no authority to give a sentence in violation of the statute. So the question is, do we reverse the remand to allow him to withdraw the plea primarily for a new sentencing? That's really the issue, because the State concedes that he was not given appropriate advisement about natural life being a mandatory part of his guilty plea. Yes, I think that the State's position is that it would be appropriate to remand it for a new sentencing hearing only. Oh, and you wouldn't? And I don't believe that there's any authority that supports that position. The defendant is entitled to the benefit of his bargain. And there's all the cases say that if there's a fully negotiated plea and the sentence is unauthorized, that the plea is no further. What about waiver, since the defendant didn't raise the issue of voluntariness in his plea? Of his plea and his motion to withdraw, I'm sorry. The plea's involuntary as a matter of law, because it's based upon an agreement that cannot be enforced. And he was not warned. The defendant wasn't told. He couldn't possibly have knownly and voluntarily waived this, because he wasn't told, you know, a mandamus action could come down 10 years from now and undo this plea. And all of your witnesses might be dead, and he won't have a defense anymore. He wasn't told that. It could not possibly be knowingly and voluntarily. And all the cases say that if the plea sentence, negotiated plea sentence, is void, then the plea itself has to fall. There's no alternative. We ask this court to follow those authorities. They take the plea and remand this case to further proceedings, unless there are questions. I don't believe so. Thank you. Counsel? Your Honors, may it please the court, my name is Timothy James King, and I represent the people of the state of Illinois. Your Honors, as you know, this is quite simply an issue of whether it should be remanded for a sentencing hearing only or whether the plea should be vacated outright by this court. The state contends that this court does have the authority to do so if it so wishes, but that it should go to the court of original jurisdiction, i.e., the trial court, to determine whether or not a motion should be granted as far as to withdraw his plea. He's never raised this issue before the trial court, but the trial court determined it. And in all likelihood, the trial court will make the right decision at that point. What would the right decision be? Your Honor, it would be to vacate the motion, or it would be to vacate the plea. Because as the defendant contends and as the state concedes, his plea was based on an unenforceable sentence. So because of that, he did not get the benefit of his bargain. And that's a very well-settled case law, and the state will not contend that. It's only that the trial court should have the opportunity to make this right. The trial court should have the opportunity. We should give the trial court the opportunity to screw up. Your Honor, it could certainly do so, and the state would contend that that is certainly a possibility. I will not belabor this point, Your Honor. The state's issue is clearly set out as briefly. I appreciate your time and your consideration. Do you have any other questions? I don't believe we do. We appreciate the briefs and arguments of counsel. Oh, I'm sorry. You are entitled to rebuttal. I apologize. You're not sure you should. The only other point that I would add would simply be that this was already remanded once, and it was remanded for the specific purpose of getting this information in. And so it might be futile. Judge Romani is a pretty thoughtful criminal court judge, too. Very well. Okay, we'll take the case under advisement.